**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL MORALES-ABREGO, | No.    20-72564 |
| Petitioner, | Agency No. A208-902-363 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Victor Manuel Morales-Abrego, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum and withholding of removal.  Our jurisdiction is governed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We grant in part and dismiss in part the petition for review, and we remand.

The BIA denied asylum and withholding of removal on the basis that Morales-Abrego failed to establish a nexus to his particular social group "sibling of Luis Morales." Substantial evidence does not support that determination. *See Parada v. Sessions*, 902 F.3d 901, 910-11 (9th Cir. 2018) (evidence that applicant was persecuted in retaliation for his brother's conduct established nexus to family as a protected ground); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (an asylum applicant establishes that a protected ground was "one central reason" for persecution where the persecutor would not have harmed the applicant absent that motive); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (the less demanding "a reason" standard applies to withholding of removal claims).

To the extent Morales-Abrego raises a new particular social group in his opening brief, we lack jurisdiction to consider the group because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Thus, we grant the petition for review in part and remand Morales-Abrego's asylum and withholding of removal claims to the agency for any necessary further

proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The stay of removal remains in place until the mandate issues.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**